**DOMINION NATIONAL BANK et al. v. HALE.**

**DOMINION NATIONAL BANK et al. v. HENSLEE.**

Civ. Nos. 913, 914.

United States District Court
M. D. Tennessee,
Nashville Division.

Jan. 3, 1950.

Robert Ash and John Y. Merrell, of Washington, D. C., and S. Bruce Jones and W. H. Woodward, of Bristol, Virginia, for plaintiffs.

A. O. Denning and Dick L. Johnson, Assistant United States Attorneys, Nashville, Tenn., for defendants.

DAVIES, District Judge.

The causes were submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiffs and defendants, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. The plaintiffs are the Trustees named in a trust instrument executed by Ina J. Massengill, a resident of the State of Tennessee, on November 26, 1941. This suit is for a refund of Federal income taxes for the years 1941, 1942, and 1943.

2. Defendant Lipe Henslee (Civil action No. 914) is, and, since April 17, 1944, has been Collector of Internal Revenue for the District of Tennessee. He was also Collector of Internal Revenue for the District of Tennessee from May 24, 1939, to June 8, 1942.

3. Defendant Joe F. Hale (Civil Action No. 913) was Collector of Internal Revenue for the District of Tennessee from August 24, 1942, to April 16, 1944.

4. Jurisdiction of this Court is conferred by Judicial Code Sec. 1340, 28 U.S. C.A. § 1340.

5. The provisions of the trust agreement material to this controversy are as follows:

"The Grantor does hereby transfer, assign and set over to the Trustees an undivided one-half interest in and to certain formulae now owned by the Grantor and in use by the S. E. Massengill Company under a royalty agreement, in the preparation and manufacture of the following products: (1) Creoderma (2) Calomine Zinc Oxide (CZO) Lotion (3) Menthagill (Massengill) Powder (4) Dermagill and (5) Livitamin. Copies of these formulae are in the possession of the S. E. Massengill Company, Bristol, Tennessee, and duplicates are enclosed in a sealed envelope attached hereto and deposited with this Agreement and to be opened only upon written consent of the President of the S. E. Massengill Company.

"To Have And To Hold unto the said Trustees, together with the right to collect and receive one-half of the royalties that may hereafter become due or arising by reason of the use of said formulae under said contract or any renewals or extensions thereof or any other contract hereafter made. This transfer is in trust for the following uses and purposes and subject to the following terms and conditions, that is to say:

"1. The Trustees or their successors are to own, hold, manage, lease on a royalty basis or otherwise utilize in such manner as they believe best for the benefit of the Grantor's four grandchildren now living, namely: Frank W. DeFriece, Jr., Marthina DeFriece, Josephine M. DeFriece and Elizabeth Ann Massengill, the entire within described property until December 31, 1960, at which time the trust will end as hereafter provided. In the meantime they shall receive, manage, deal with, utilize and dispose of the properties hereby transferred in the manner set out in paragraphs next following.

"2. All income received from the properties shall, upon receipt, be divided into equal parts, one for each of the grandchildren, and placed to the separate credit of each such grandchild. The income so received and credited to each above named grandchild shall be invested and reinvested by the Trustees and all accruals to each share, less necessary and proper charges, shall be held by the Trustees and allowed to accumulate in each grandchild's account until such grandchild shall have attained the age of 21 years. When such age is attained by any above named grandchild, such grandchild shall be entitled to receive, and the Trustees shall pay in quarterly payments, all income from the investments made by funds so coming in and held on behalf of such grandchild and shall continue such payments of income from such investments to such grandchild until he or she reaches the age of 30 years. When such grandchild reaches the age of 30 years he or she shall be entitled to receive and the Trustees shall pay to such grandchild (in addition to the income from investments) such grandchild's proportionate part of the income from the formulae as may come in after such 30th birthday, the Trustees at the same time retaining control and title to the invested corpus of such grandchild and to the formulae. On December 31, 1960 this trust shall automatically terminate and the Trustees shall pay or transfer and deliver to each of the grandchildren then living all the corpus investments held by them to the credit of each such grandchild and shall also transfer to such grandchild his or her undivided fractional part of all the formulae herein conveyed; provided, however, that if any one of said grandchildren shall so demand in writing the Trustees shall in lieu of such transfer, sell at public auction after 10 days notice for cash, the entire undivided one-half interest in such formulae and distribute the proceeds in cash to all the beneficiaries.

"3. If during the continuance of this trust any grandchild above named should die without issue surviving, such grandchild's part shall go equally to the other above named grandchildren living at such grandchild's death. If during the continuance of this trust any grandchild above

named should die with issue surviving such issue shall be entitled to the same benefits at the same time and to the same extent as such grandchild would have received if he or she had continued to live. In the event of the death of all the above named grandchildren during the continuance of this trust without issue surviving any of them, then upon the death of the last one the entire corpus shall go one-half to Pauline M. DeFriece and one-half to John T. Massengill or their heirs or legatees by representation.

4. The only circumstance under which the Trustees shall have power to pay to any of the beneficiaries any sum out of the invested corpus of the estate shall be when the Trustees in their sole discretion are of the opinion that an emergency exists which requires the use of such funds for the protection of the health of one of the beneficiaries hereunder, and such beneficiary is unable to provide funds therefor; but such withdrawals from the invested corpus shall in no event exceed $5,000.00, and in no event shall any part of the formulae hereby conveyed be disposed of to provide such funds.

"5. The general powers and duties of the Trustees hereunder shall include the investment and reinvestment of each part of the income from the formulae, with accruing interest thereon until the grandchild for whose benefit such share is set aside until such grandchild reaches the age of 21 years and after that date to invest the income from the formulae only in such securities as are permissible under the laws of the states of Virginia or Tennessee for the investment of trust funds. * * *"

6. The birthdays of the four beneficiaries named in the trust agreement are as follows: Frank W. DeFriece, Jr., January 29, 1921; Marthina DeFriece, September 6, 1923; Josephine M. DeFriece, July 13, 1925; Elizabeth Ann Massengill, June 28, 1930.

7. The plaintiff, Dominion National Bank, received the income from the one-half interest in the formulae during the years 1941, 1942, and 1943. The only accounts kept by the bank were separate trust accounts for each of the named beneficiaries. Upon receipt of the income from the formulae, each beneficiary's separate trust account was credited with his or her share. Expenses were also charged to the separate account of each beneficiary.

8. As money accumulated in the respective accounts of each of the beneficiaries, the plaintiff, Dominion National Bank, would purchase bonds and certificates of indebtedness in the name of the respective beneficiaries. All assets so purchased were recorded and segregated from those purchased on behalf of any of the other beneficiaries.

9. For the calendar years 1941, 1942, and 1943, the plaintiffs filed fiduciary income tax returns, treating the trust agreement as creating one trust. The tax assessed and paid on this basis was as follows: 1941, $196.50; 1942, $14,750.08; 1943, $30,774.08.

10. On February 2, 1945, the plaintiffs filed with the Collector of Internal Revenue, Nashville, Tennessee, three separate claims for refund, one for each of the calendar years 1941, 1942, and 1943. In these claims for refund, the plaintiffs contended that the income from the trust agreement should be taxed as income from four separate trusts, one for each of the beneficiaries named therein. The tax liability of the Trustees for the calendar years 1941, 1942, and 1943, on the basis on which the claims for refund were filed, is as follows: 1941, $166.12; 1942, $7,928.98; 1943, $17,540.35.

11. The claims for refund were in all respects in due and proper form. By letter dated June 11, 1947, and sent by registered mail, plaintiffs were notified by the Commissioner of Internal Revenue that each of said claims for refund was disallowed in full.

12. The defendant as Collector of Internal Revenue acted under the direction of the Commissioner of Internal Revenue and upon probable cause in the collection of said taxes.

## Conclusions of Law

1. That under the trust agreement the formulae conveyed in trust to the plaintiffs constituted one separate trust.

2. That under the trust agreement four separate and distinct trusts were created with respect to the income received by the plaintiffs from the formulae.

3. That under the trust agreement the plaintiffs were required, upon receipt, to distribute all income from the formulae to the four separate trusts created for the benefit of each of the four beneficiaries.

4. That the income distributed to each of the four trusts created for the benefit of the four beneficiaries was the separate property of each of said beneficiaries.

5. That defendants erroneously and illegally collected tax from plaintiffs for the years 1941, 1942, and 1943 on the basis of treating the trust agreement as creating one trust.

6. That the income from the formulae should be taxed to the four separate trusts created for the benefit of the four beneficiaries.

7. That plaintiffs are entitled to judgment in the amount of $30.03 for the year 1941 and interest from March 16, 1942, and $13,233.73 for the year 1943 and interest from September 21, 1944, against Lipe Henslee, Collector of Internal Revenue, (Civil Action No. 914), and judgment in the amount of $6,821.10 for the year 1942 and interest from December 8, 1943, against Joe F. Hale, Former Collector of Internal Revenue, (Civil Action No. 913).

8. A certificate of probable cause should be granted.

Judgment accordingly.